**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEVEN HAROLD BETTES** | § | |
| | § | |
| **V.** | § | **A-14-CA-815-LY** |
| | § | |
| **MTC-MANAGEMENT TRAINING** | § | |
| **CORPORATION, WARDEN GREG** | § | |
| **SHIRLEY, and MAINTENANCE** | § | |
| **SUPERVISOR MR. LANDS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was on parole and residing at the Cheyenne Center in Houston, Texas.  Plaintiff was previously confined in the  Kyle Unit operated by Management Training Corporation.

Plaintiff alleges he slipped and fell in water in his cell at the Kyle Unit on July 25, 2014. Plaintiff complains water from the mechanical room came into his cell under the door. According to Plaintiff, he was transported to the hospital via ambulance and was diagnosed with a sprained back

and contusions.  Plaintiff seeks $1 million in compensatory damages, $1 million in punitive damages, and a declaratory judgment.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Personal Injury Claims

A plaintiff may maintain a civil rights suit only if he can show an abuse of government power that rises to a constitutional level.  Love v. King, 784 F.2d 708, 712 (5th Cir. 1986);  Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981).  The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations.  Baker v. McCollan, 443 U.S. 137, 146 (1979).  See also, Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  It is well settled that negligence on the part of jail officials does not give rise to civil rights claims.  Daniels v. Williams, 474 U.S. 327 (1986); Marsh v. Jones, 53

F.3d 707, 712 (5th Cir. 1995); <u>Simmons v. Poppell</u>, 837 F.2d 1243, 1244 (5th Cir. 1988).  In

<u>Daniels</u>, the Supreme Court held that claims originating from a jailer leaving a pillow on the floor

and a prisoner slipping and falling over the pillow constitutes a state tort claim for negligence and

does not amount to a civil rights claim under 42 U.S.C. § 1983.  To the extent Plaintiff complains

of his slip and fall, Plaintiff's allegations at most amount to a state claim of negligence, which is not

cognizable under § 1983.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as

frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly

and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff

from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some

combination of these sanctions.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file

written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual

3

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE